# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7166 | **DATE** | 9/13/2012 |
| **CASE TITLE** | Marcus Ammons vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. The full $350 filing fee is waived. The complaint (Dkt. No. 1), is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff must submit a proper proposed amended complaint within twenty-eight days of the entry of this order. The Clerk is instructed to provide plaintiff with an amended civil rights complaint form with instructions. Failure to comply with this order will result in the dismissal of this case in its entirety.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

Pro se plaintiff Marcus Ammons has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Cook County Jail. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. No. 1).

Plaintiff filed this case while living in the community in Chicago. Thus, the requirements of the Prison Litigation Reform Act do not apply to him. 42 U.S.C. § 1997e(h); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). The motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted because plaintiff is impoverished. The full $350 filing fee is waived.

Turning to the complaint, the Court is required to dismiss a complaint brought by a plaintiff who has received IFP status when the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has used a preprinted complaint form. He simply captions the complaint and signs it. There are no facts, injuries or claims alleged.

To state a claim, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The present complaint is unacceptable because it does not contain the short and plain statement of plaintiff's claims showing he is entitled to relief. Thus, the complaint is stricken.

The Court shall give plaintiff a second chance to submit a proper complaint. The Clerk is instructed to provide plaintiff with an amended civil rights complaint form with instructions. Plaintiff is instructed to complete all sections of the amended complaint and return it to the Court within twenty-eight days of the entry of this order. Failure to provide a proper complaint will result in dismissal of this action with prejudice.

| STATEMENT |
| --- |

Plaintiff is admonished that the complaint should contain his claims against the defendants. These claims should detail how he believes his rights were violated by the defendants. In short, he should *briefly* tell his story about the alleged constitutional violations occurring to him at the Jail. Plaintiff should also explain what type of result (i.e., relief) he seeks from this case.

Plaintiff should name as defendants the individuals who were allegedly personally responsible for violating his rights at the Jail. *Iqbal*, 556 U.S. at 676. Plaintiff may name these individuals as John Does if he does not presently know their names. He is also admonished that the Cook County Jail is not a proper defendant because it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *1 (N.D. Ill. Nov. 19, 2004).